IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | No. CR-01-211-C |
| | ) | CIV-16-613-C |
| TIMOTHY EDWARD HOLZ, | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION AND ORDER

Defendant filed a pro se Motion pursuant to 28 U.S.C. § 2255 seeking relief from his sentence of imprisonment. The Court appointed counsel to assist Defendant and counsel filed a supplement to Defendant's Motion. Plaintiff has not responded to Defendant's Motion but instead has filed a Motion to Enforce the terms of the plea agreement, which included a waiver of collateral attack. Defendant has responded to that Motion.

Prior to sentencing, the Court determined Defendant was a career offender as defined by USSG §§ 4B1.1 and 4B1.2. Defendant pled guilty to armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d). As predicate offenses, Defendant had two prior felony drug convictions which qualified under the controlled substance offenses of USSG § 4B1.2(b). Relying on those two prior convictions and the guilty plea to violation of § 2113(a) and (d), the Court sentenced Defendant as a career offender under the Sentencing Guidelines.

Relying on Johnson v. United States, ___ U.S. ___, 135 S.Ct. 2551 (2015), and United States v. Madrid, 805 F.3d 1204, 1210-11 (10th Cir. 2015), Defendant argues that his sentence was determined on a now-invalid basis. In Johnson, the Supreme Court held the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924, was unconstitutionally vague. In Madrid, the Tenth Circuit applied that reasoning in holding the residual clause of § 4B1.1 to be unconstitutionally vague.

In Beckles v. United States, ___ U.S. ___, 137 S.Ct. 886 (2017), the Supreme Court overruled Madrid and held "the advisory Sentencing Guidelines are not subject to a vagueness challenge under the Due Process Clause and that § 4B1.2(a)'s residual clause is not void for vagueness." Id. at 895. Defendant argues that because he was sentenced at a time when the Guidelines were mandatory rather than advisory, Beckles is not dispositive of his § 2255 Motion. The Court finds Defendant's claims fail on the merits and therefore resolution of the applicability of Beckles is unnecessary.

Initially, the Court must determine the impact, if any, of Defendant's waiver of collateral attack. In its Motion, Plaintiff argues that Defendant, as part of his Plea Agreement, agreed to a waiver of collateral attack and that waiver is applicable to the claims presented herein. Plaintiff acknowledges that the waiver included an exception to "challenges based on changes in the law reflected in Tenth Circuit or Supreme Court cases decided after the date of this agreement that are held by the Tenth Circuit or Supreme Court to have retroactive effect." (Dkt. No. 30, Att. 1, Plea Agree., p. 9.) Plaintiff argues this exception does not apply because neither of the requisite Courts have made the basis for

Defendant's challenge retroactive.  In his response, Defendant argues, relying primarily on case law applying Johnson and the Armed Career Criminal Act rather than the Sentencing Guidelines, that the changes in the law apply retroactively.  However, Defendant does not direct the Court to any case holding that any determination on the validity of the Sentencing Guidelines enhancement is to be given retroactive effect.  In light of the Supreme Court's recent decision in Beckles, it is unclear whether any of the cases relied upon by Defendant would remain applicable to his claims and would give retroactive effect to a challenge to the Sentencing Guideline.  However, because Defendant's claims fail on the merits, it is unnecessary to resolve this issue.

Defendant argues that his conviction for armed bank robbery is not a crime of violence as defined by § 4B1.2(a).  Thus, he asserts, it cannot serve as a predicate offense for enhancing his sentence.* The Fourth Circuit has held that:

> Bank robbery under § 2113(a), "by force and violence," requires the use of physical force. Bank robbery under § 2113(a), "by intimidation," requires the threatened use of physical force.  Either of those alternatives includes an element that is "the use, attempted use, or threatened use of physical force," and thus bank robbery under § 2113(a) constitutes a crime of violence under the force clause of § 924(c)(3).

United States v. McNeal, 818 F.3d 141, 153 (4th Cir. 2016), cert. denied, ___ U.S. ___, 137 S.Ct. 164 (2016).  The Tenth Circuit reached the same conclusion in United States v.

---

\* Defendant does not argue that his prior drug convictions cannot serve as predicate offenses.

McGuire, No. 16-3282, 2017 WL 429251, at *2 (10th Cir. Feb. 1, 2017). Thus, USSG § 4B1.2(a)(1) applies to Defendant's conviction without reliance on the residual clause.

Because Defendant was also convicted of violating 2113(d), the conviction included an additional element of force. Section 2113(d) states:

> Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined under this title or imprisoned not more than twenty-five years, or both.

The Tenth Circuit has recognized that violation of this paragraph establishes the use or threatened use of violent force. See United States v. Silva, 608 F.3d 663, 670 (10th Cir. 2010) ("Threatening or engaging in menacing conduct toward a victim, with a weapon capable of producing death or great bodily harm, threatens the use of '*violent* force' . . . ."). Defendant's violation of this additional paragraph bolsters the validity of application of the sentencing enhancement under the elements portion of § 4B1.2(a).

Defendant argues that because the gun he used was a toy gun his conviction under this statute cannot constitute a crime of violence. The Court is precluded from examining the facts underlying Defendant's conviction in this matter. Shepard v. United States, 544 U.S. 13, 26 (2005). Rather, the Court's inquiry is limited to "the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." Id. Even were the Court to give credence to Defendant's argument, that fact would only affect his conviction for violating

4

§ 2113(d). Because his conviction for violating § 2113(a) is a crime of violence under § 4B1.2(a), Defendant would still be subject to the career offender enhancement.

For the reasons set forth herein, Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Dkt. No. 56) is DENIED. Defendant's pro se Motion (Dkt. No. 102) is stricken as moot. The United States' Motion to Enforce the Collateral Attack Waiver or, Alternatively, Motion to Dismiss (Dkt. No. 89) is STRICKEN as Moot. A judgment shall enter accordingly.

IT IS SO ORDERED this 13th day of April, 2017.

ROBIN J. CAUTHRON
United States District Judge